# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DAVID SEIBER, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:17-cv-01020 |
| ) | **CHIEF JUDGE CRENSHAW** |
| **MURFREESBORO POLICE DEPT.,** ) | |
| **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

David Seiber is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action seeking damages pursuant to 42 U.S.C. § 1983 against the Murfreesboro Police Department, the Rutherford County Sheriff's Department, the Rutherford County Adult Detention Center and Rutherford County.

July 21, 2016 was an "extremely hot" day. Despite the heat, the Plaintiff chose to take a walk outside. When he began to feel disoriented, the Plaintiff sought refuge in some shade. (Doc. No. 1 at 7.) As he was resting, the Plaintiff was approached by three Murfreesboro police officers. They offered to give him a ride to his destination but the Plaintiff refused the invitation. He did not want to ride in the back of a hot police cruiser that had no air conditioning. (Id.)

According to the Complaint, the officers then handcuffed the Plaintiff and placed him in the back of their police cruiser. He was driven to the Rutherford County Adult Detention Center. When they arrived there, the officers exited the vehicle to carry on a conversation. The Plaintiff was left locked in the back of the vehicle without access to cool air. (Id.) The Plaintiff remembers the windows being shut, no air conditioning on, being very hot in the back of the cruiser and eventually falling unconscious. (Id.) He awoke five days later in the intensive care unit of a local hospital where

he was being treated for heat stroke, kidney failure and a heart attack. (Id.)

To establish a claim for § 1983 relief, the Plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519, 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the Plaintiff has not spelled out in the Complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The Plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby Cty. Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a Complaint in order to state a cognizable claim for relief. Wells, 591 F.2d at 594.

The Rutherford County Adult Detention Center is a building. It is not a person that can be sued under 42 U.S.C. § 1983. Grimmett v. Wilson Cty. Jail, No. 3:15-cv-00116, 2015 WL 787228, at *1 (M.D. Tenn. Feb. 24, 2015); Staggs v. Lewis Cty. Jail, 2009 WL 3877682, No. 1:09-0074, at *1 (M.D. Tenn. Nov. 17, 2009). Moreover, the Murfreesboro Police Department and the Rutherford County Sheriff's Department are local law enforcement agencies that likewise are not subject to suit under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007) (finding that a county sheriff's department is not a "person" subject to liability under § 1983); see Mathes v. Metro Gov't of Nashville and Davidson Cty., No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (dismissing a county sheriff's department as an improper party under § 1983).

Plaintiff has also neglected to identify the right that the defendants deprived him of and the role that each defendant played in the alleged deprivation. The defendants are never mentioned in Plaintiff's recitation of the facts (Doc. No. 1 at 7), other than a reference being made to three

2

Case 3:17-cv-01020   Document 3   Filed 07/24/17   Page 2 of 3 PageID #: 13

Murfreesboro police officers. There are no claims, specific or otherwise, alleged against the defendants in the Complaint.

Giving the pleading a liberal construction, the Court could construe the Complaint as an attempt to state a claim against Rutherford County, the entity responsible for the operation of the Detention Center and the Rutherford County Sheriff's Department. However, for Rutherford County to be liable, Plaintiff would have to allege and prove that his constitutional rights were in some way violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689-690 (1978). As noted above, Plaintiff has not alleged that he was left in the back of a police cruiser to suffer heat stroke pursuant to a policy or regulation of Rutherford County.

In its current form, the Court would dismiss the Complaint *sua sponte* because it does not state a claim against the defendants for which relief can be granted. 28 U.S.C. § 1915(e)(2). However, given Plaintiff's allegations, the Court will grant Plaintiff thirty (30) days to submit an Amended Complaint.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE